UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RENEE GRAY, | Case No.: 2:24-cv-01361-APG-MDC |
|---|---|
| Plaintiff | **Order Granting Motion to Remand** |
| v. | [ECF No. 13] |
| HOME DEPOT U.S.A., INC., et al., | |
| Defendants | |

    Plaintiff Rene Gray filed her complaint in state court. In the "Parties and Jurisdiction" section of the complaint, Gray stated "This Complaint alleges damages in excess of fifteen thousand dollars, and further alleges an amount in controversy in excess of seventy-five thousand dollars." ECF No. 1-2 at 4. The defendants were served with the complaint on April 17, 2024. ECF No. 1 at 2. They removed the case to this federal court on July 24, 2024 based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1. Gray now moves to remand the case to state court because it was not timely removed. ECF No. 13.

    A defendant may remove a case within 30 days of receipt of the initial pleading if it is removable at that time. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The defendants contend they were not aware the case was removable until Gray filed a petition in the state court to exempt the case from arbitration. ECF No. 1 at 2. That petition disclosed that Gray's medical bills exceeded $62,000, so they based removal notice on that disclosure. *Id.*

Gray contends the defendants were aware all along that the court's jurisdictional amount was satisfied because her initial complaint stated that her damages exceeded $75,000.  I agree.

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2).  Gray's initial complaint specifically alleged that her damages exceed $75,000.  The defendants contend this was a "baseless allegation solely for the purpose of establishing jurisdictional limitations." ECF No. 18 at 4.  But it was not baseless, as evidenced by the fact that she had incurred over $62,000 in medical expenses.

It was facially evident from the complaint that the case was removable.  If the defendants wanted to remove the case, they should have done so within 30 days of receiving the complaint. Because they removed the case well after that, removal was untimely.  So I grant the motion to remand.  But I deny the plaintiff's request for an award of attorneys' fees and costs.

I THEREFORE ORDER that the plaintiff's motion to remand **(ECF No. 13) is GRANTED.**  This case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

DATED this 7th day of October, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE